**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ALFONSO ORTIZ, | : |
| Petitioner, | : Civil Action No. 02-6108 (JAG) |
| v. | : |
| LYDELL SHERRER, et al., | : **OPINION** |
| Respondents. | : |

**APPEARANCES:**

    ALFONSO ORTIZ, Petitioner Pro Se
    #124493 SBI# 000980658B
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey 07114-2300

    SIMON LOUIS ROSENBACH, ESQ.
    Assistant Prosecutor
    Middlesex County Prosecutor's Office
    25 Kirkpatrick Street, 3d Floor
    New Brunswick, New Jersey 08901
    Attorneys for Respondents

**GREENAWAY, JR., District Judge**

This matter is before the Court on petitioner Alfonso Ortiz's application for habeas corpus relief under 28 U.S.C. § 2254. For the reasons stated below, the petition for habeas relief will be denied for failure to make a substantial showing of a federal statutory or constitutional deprivation.

I.  BACKGROUND

Petitioner, Alfonso Ortiz ("Ortiz"), is presently confined at the Northern State Prison in Newark, New Jersey, serving a 30-year prison term with a 15-year parole disqualifier on a first degree aggravated manslaughter conviction.

The procedural history and facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference under 28 U.S.C. § 2254(e)(1), will simply reproduce the New Jersey Appellate Division's factual recitation, as set forth on appeal from denial of Ortiz's petition for post-conviction relief:

> On December 5, 1994, defendant entered a retraxit plea of guilty to a charge of first-degree aggravated manslaughter, amended from murder. Both the victim and defendant were apparently intoxicated at the time of the incident, which occurred in the early morning hours of January 30, 1994. Defendant struck the victim in the head with a 4x4 and with a bottle; asked to describe the incident by a psychiatrist, defendant replied that the victim had "looked at [him] stupid."
>
> Defendant was fifteen at the time of the incident. The Family Part, after conducting a hearing under R. 5:22-2, referred the matter to the Law Division. Defendant agreed, as part of the plea bargain, to withdraw his appeal of that waiver decision. In return, the State agreed to recommend a custodial sentence of thirty years, with a fifteen-year period of parole ineligibility. On January 23, 1995, the trial court accepted the plea bargain and sentenced defendant in accordance with its terms.
>
> Defendant thereafter appealed his sentence. This court affirmed that sentence on October 17, 1996. The Supreme Court denied certification.

> Defendant filed a petition for post-conviction relief, which was supported by a brief prepared by counsel. The trial court denied defendant's petition and he has appealed.

(Superior Court of New Jersey, Appellate Division, per curiam Opinion, filed July 12, 2002).

The New Jersey Supreme Court denied Ortiz's petition for certification on November 6, 2002. Ortiz then filed this federal habeas action on or about December 26, 2002. On or about August 4, 2003, the respondents filed an answer to the petition, in the form of a letter brief, with the relevant state court record. The respondents assert that Ortiz failed to exhaust his state court remedies before filing his federal habeas petition; however, the respondents argue that the petition is substantively meritless and the petition should be denied accordingly.

## II. CLAIMS FOR HABEAS RELIEF

Ortiz challenges his state court sentence on the ground that he was denied effective assistance of counsel at the sentencing hearing, and in his post-conviction relief ("PCR") proceedings, in violation of his constitutional rights under the Sixth Amendment.

With respect to Ortiz's claim that his PCR counsel was ineffective, the Court will dismiss that claim, pursuant to 28 U.S.C. § 2254(i), which states that the ineffectiveness or incompetence of counsel during state collateral PCR proceedings shall not be grounds for federal habeas relief under § 2254.

In his petition, Ortiz asserts that his trial counsel rendered ineffective assistance by failing to argue any mitigating factors at Ortiz's sentencing. Counsel also failed to argue the relative youth as a juvenile, and failed to challenge the use of an element of the offense as an aggravating factor, relied upon by the sentencing judge to impose the maximum term.

He also contends that his counsel unilaterally withdrew an appeal of the waiver order, and compelled petitioner to accept unfavorable terms in a plea bargain.

Respondents assert that these claims were never exhausted in state court.

### III.  EXHAUSTION REQUIREMENT

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."  28 U.S.C. § 2254(b)(1); see also 28 U.S.C. §2254(c); Rose v. Lundy, 455 U.S. 509, 510 (1982); Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004).  A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to

4

exhaust their claims fully] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal), cert. denied, 532 U.S. 919 (2001); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

   The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same.  Id. at 277.

   Here, the State asserts that the claims raised by Ortiz in this federal habeas petition are unexhausted.  However, to the extent any of the claims were not exhausted in state court, this

5

Court may opt to review such claims, and deny them on the merits pursuant to 28 U.S.C. § 2254(b)(2). Section 2254(b)(2) provides that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Here, the respondents have fully addressed each of petitioner's claims on the merits. Thus, for the reasons discussed below, the Court will deny this petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2), because "it is perfectly clear that an applicant does not raise even a colorable federal claim." Lambert, 134 F.3d at 514-15.

### IV. STANDARD GOVERNING REVIEW OF § 2254 CLAIMS

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Duarte v. Hurley, 43 F. Supp.2d 504, 507 (D.N.J. 1999). Because Ortiz is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

Under § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts in habeas matters must give considerable deference to determinations of the

state trial and appellate courts.  See 28 U.S.C. § 2254(e); Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 122 S.Ct. 269 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)(*citing* Parke v. Raley, 506 U.S. 20, 36 (1992)).  Section 2254(d) sets the standard for granting or denying a habeas writ:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
>> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained that subsection (d)(1) involves two clauses or conditions, one of which must be satisfied before a writ may issue.  The first clause, or condition, is referred to as the "contrary to" clause.  The second condition is the "unreasonable application" clause.  Williams, 529 U.S. at 412-13.  In the "contrary to" clause, "a federal court may grant the writ if the state arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of

7

materially indistinguishable facts." Id. Under the "unreasonable application" clause, a federal court may grant the writ if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [the petitioner's] case." Id. at 413. Habeas relief may not be granted under the "unreasonable application" condition unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief. Id. at 411. See also Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000), cert. denied, 532 U.S. 980 (2001); Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir. 1999), cert. denied sub nom Matteo v. Brennan, 528 U.S. 824 (1999).

Consonant with Williams, the Third Circuit has held that § 2254(d)(1) requires a federal habeas court to make a two step inquiry of the petitioner's claims. First, the court must examine the claims under the "contrary to" provision, identify the applicable Supreme Court precedent and determine whether it resolves petitioner's claims. See Werts, 228 F.3d at 196-97; Matteo, 171 F.3d at 888-891. If the federal court determines that the state court's decision was not "contrary to" applicable Supreme Court precedent, then the court takes the second step of the analysis under § 2254(d)(1), which is whether the state court

unreasonably applied the Supreme Court precedent in reaching its decision.  Werts, 228 F.3d at 197.

This second step requires more than a disagreement with the state court's ruling because the Supreme Court would have reached a different result.  Id.  AEDPA prohibits such *de novo* review.  Rather, the federal habeas court must determine whether the state court's application of the Supreme Court precedent was objectively unreasonable.  Id.  In short, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent.  Id.; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court."  Id.; see also 28 U.S.C. § 2254(e)(1).  The Third Circuit has ruled that this presumption of correctness based upon state court factual findings can only be overcome by clear and convincing evidence.  See Duncan, 256 F.3d at 196 (*citing* 28 U.S.C. § 2254(e)(1)).  Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings."  Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

## V. ANALYSIS

Petitioner asserts that his counsel was ineffective by withdrawing his appeal of a waiver order and compelling a plea agreement. He also claims that counsel failed to argue mitigating factors and challenge aggravating factors at his sentencing hearing.

The "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), is the standard for ineffective assistance of counsel, as enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a petitioner seeking to prove a Sixth Amendment violation must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel's conduct. Id. at 688-89; Jacobs v. Horn, 395 F.3d 92, 102(3d Cir. 2005); Keller v. Larkins, 251 F.3d 408, 418 (3d Cir.), cert. denied, 534 U.S. 973 (2001). Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. The Supreme Court further explained:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy

10

> for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Id. at 689 (citations omitted); see also Virgin Islands v. Wheatherwax, 77 F.3d 1425, 1431 (3d Cir.), cert. denied, 519 U.S. 1020 (1996).

If able to demonstrate deficient performance by counsel, petitioner must also show that counsel's substandard performance actually prejudiced his defense.  Strickland, 466 U.S. at 687.  Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  The reviewing court must evaluate the effect of any errors in light of the totality of the evidence.  Id. at 695-96.  Thus, the petitioner must establish both deficient performance and resulting prejudice in order to state an ineffective assistance of counsel claim.  Id. at 697.  See also Jacobs, 395 F.3d at 102; Keller, 251 F.3d at 418.

1.  *The Plea Agreement*

Due process requires that guilty pleas be entered knowingly and voluntarily.  See, Boykin v. Alabama, 395 U.S. 238, 242 (1969).  A guilty plea entered by one fully aware of the direct consequences of the plea is voluntary "'unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'"  Brady v. United States, 397 U.S. 742, 755 (1970) (quoting Shelton v. United States, 246 F.2d 571, 572 n.2 (5th Cir. 1956) (en banc), rev'd on confession of error on other grounds, 356 U.S. 26 (1958)).  The Court of Appeals for the Third Circuit has held that the only direct consequences relevant to evaluating the voluntariness of a guilty plea are the maximum prison term and fine for the offense charged.  See Parry v. Rosemeyer, 64 F.3d 110, 114 (3d Cir. 1995), cert. denied, 516 U.S. 1058 (1996), superseded by statute on other grounds as stated in Dickerson v. Vaughn, 90 F.3d 87 (3d Cir. 1996).  A guilty plea is made intelligently only if a criminal defendant receives "'real notice of the true nature of the charge against him ... .'"  Bousley v. U.S., 523 U.S. 614, 618 (1998)(quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)).

The above standards govern the validity of a guilty plea even when a criminal defendant protests his innocence despite his entry of a guilty plea.

> [W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty [when, as in the instant case,] a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.

North Carolina v. Alford, 400 U.S. 25, 37 (1970).  The Supreme Court noted further that "[b]ecause of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence."  Id. at 38 n.10 (citations omitted).  Applying Alford, the Court of Appeals for the Third Circuit has held that "there must always exist some factual basis for a conclusion of guilt before a court can accept an Alford plea."  United States v. Mackins, 218 F.3d 263, 268 (3d Cir. 2000), cert. denied, 531 U.S. 1098 (2001).

In this case, Ortiz asserts no claim of innocence, nor does he proffer evidence that his plea was given involuntarily, or under duress or by coercion by his counsel.  He does not argue

13

that he was too young to understand the plea bargain, or that he did, in fact, misunderstand the terms of the plea agreement. The psychiatric and psychological reports Ortiz attached with his petition do not suggest that Ortiz was mentally or emotionally incompetent. There was no conclusion that he did not understand the seriousness of the crime or that he could not tell right from wrong.

Furthermore, at the plea hearing, Ortiz responded affirmatively to all the questions posed by the court with respect to his understanding of the plea and its consequences. Ortiz understood that, in exchange for his plea, he had agreed to withdraw his appeal from the waiver to be tried as an adult. Ortiz also stated that he was satisfied with his counsel's representation. He admitted to the factual basis for the guilty plea, and clearly acknowledged that he was aware of the constitutional rights he was waiving as a result of the plea bargain.

Thus, given the totality of circumstances, it appears that Ortiz's plea was not coerced in any way by defense counsel. Ortiz never raised an issue about being forced to accept a plea arrangement before this federal habeas petition. Accordingly, the Court concludes that the guilty plea was entered voluntarily and with the requisite knowledge and understanding of its consequences. Therefore, the Court finds no support for Ortiz's

claim that his counsel compelled him to accept a plea bargain. Finding no deficiency in counsel's performance,[1] this claim will be denied.

   2.  *Sentencing Factors*

Next, Ortiz argues that his counsel was ineffective for failing to raise mitigating factors or challenge aggravating factors at the sentencing hearing.

The sentencing hearing was conducted on January 23, 1995. At the hearing were members of petitioner's family and members of the deceased victim's family, some of whom testified before the court.  The court also had the psychiatric reports.  The court was well aware of Ortiz's age at the time of the crime and at the sentencing proceeding.  The court noted that the plea agreement was made with the understanding that petitioner would receive up to the maximum of 30 years in prison with a 15-year parole ineligibility.  After hearing the testimony and reviewing the pre-sentence report and the psychiatric evaluations, the court determined that the 30-year prison term with the 15-year parole disqualifier was an appropriate sentence.  The court looked at the mitigating factors and found none.  In fact, the court considered Ortiz's youth and the fact that he had no prior

---

   [1]  There were never any claims of innocence in this matter. Thus, it would appear that counsel was effective in getting a plea deal that would eliminate the charges of murder and felony murder.

15

indictable offenses (the court noted that Ortiz did have a juvenile record).

The court also considered the aggravating factors and found several that were applicable, namely, the heinous nature of the crime; the fact that the victim was intoxicated and could not defend himself; Ortiz's prior history of anger outbursts; and the need for deterrence.  Thus, there does not appear to be any basis for Ortiz's claim.  Even if counsel had argued mitigating factors, it is apparent that the court would have rejected them, as it already had considered and rejected the factors of Ortiz's age and lack of prior convictions.  The reports were available to the court, but there was nothing in those reports to support any mitigating factors.  Thus, even if the Court were to assume <u>arguendo</u> that counsel was deficient at the sentencing hearing, Ortiz can show no prejudice from the alleged deficiency.

Because Ortiz is unable to satisfy the second prong under <u>Strickland</u>, the ineffectiveness of counsel claim shall be denied.

This Court also notes that sentencing is generally considered a matter of state criminal procedure, which does not fall within the purview of federal habeas review.  <u>Ervin v. Beyer</u>, 716 F. Supp. 163, 165 (D.N.J. 1989); <u>see also</u>  <u>Johnson v. Beto</u>, 383 F.2d 197, 198 (5th Cir. 1967), <u>cert</u>. <u>denied</u>, 393 U.S. 868 (1968); <u>U.S. ex rel. Jackson v. Meyers</u>, <u>supra</u>.  Indeed, absent some constitutional violation, federal courts cannot

review a state's alleged failure to adhere to its own sentencing procedure.  Rorie v. Beard, Civ.A.No. 04-3380, 2005 WL 825917, *5 (E.D. Pa. April 7, 2005)(*citing* Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)).  Thus, a federal court will not reevaluate a sentence in a habeas proceeding unless it exceeds the statutory limits.  Jones v. Superintendent of Rahway State Prison, 725 F.2d 40 (3d Cir. 1984); see also Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984), cert. denied, 469 U.S. 1229 (1985)("As a general rule, federal courts will not review state sentencing determinations that fall within statutory limits."); Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975)("This Court will not upset the terms of a sentence within statutory limits unless so disproportionate to the offense as to be completely arbitrary and shocking").

Here, petitioner has not alleged that his sentence violates any federal constitutional rights.  Moreover, Ortiz's sentence does not exceed the statutory limits.  Thus, this Court will not re-evaluate petitioner's sentence, which he bootstrapped to his ineffectiveness of counsel claim.

## VI.  CERTIFICATE OF APPEALABILITY

This Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the

17

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above, this Court's review of the claims advanced by Ortiz demonstrates that he has failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue. Thus, this Court declines to issue a certificate of appealability, pursuant to 28 U.S.C. § 2253(c)(2).

## **CONCLUSION**

For the foregoing reasons, this Court finds that Ortiz's § 2254 habeas petition should be denied on the merits. A certificate of appealability will not issue. An appropriate Order accompanies this Opinion.


                                                   S/Joseph A. Greenaway, Jr.
                                              JOSEPH A. GREENAWAY, JR., U.S.D.J.

DATED:    October 24, 2005